IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00492-ZLW-MEH

HARLAN ALANSO SMITH, aka LONNIE SMITH, an individual,

      Plaintiff,

v.

OFFICEMAX INCORPORATED, a Delaware corporation,
GETTY IMAGES, INC., a Delaware corporation, and
JUPITERIMAGES CORPORATION, a division of Jupitermedia Corporation, a Delaware corporation,

      Defendants.

---

## ORDER ON MOTION TO LIMIT DISCOVERY

---

**Entered by Michael E. Hegarty, United States Magistrate Judge**.

      Defendants have filed a Motion to Limit Discovery [docket #33] preventing the parties from engaging in any discovery other than the authenticity of a release allegedly signed by Plaintiff nearly twenty years ago. Plaintiff has filed his response, and the matter is fully briefed. Oral argument would not materially assist the Court in the disposition of this motion. For the following reasons, the Court **denies** the motion.

      Simply stated, Plaintiff, a former professional boxer, contends that Defendants are misappropriating his image, using professional, staged photographs taken in 1988 in advertisements promoting their financial interests. Defendants contend that prior to the 1988 photographing, Plaintiff signed a release authorizing the photographing company to utilize the images. Plaintiff contends that he does not recall signing the release. Defendants contend that authentication of Plaintiff's alleged signature on the release would determine this case, an argument Plaintiff does not seriously dispute. What Plaintiff does dispute, implicitly if not explicitly, is that this issue can be decided short of a trial.

On the other hand, Defendants argue that if the Court limits discovery to the issue of signature authentication, and Defendants prove in a dispositive motion that Plaintiff signed a release, the case is over, and judicial economy and private resources will have been preserved. Thus, the current motion seeks to bar all discovery save the issue of signature authentication.

While the Court agrees that the parties should concentrate their efforts on that one critical fact issue, the Court finds Defendants' proposal problematic in that it seeks a *de facto* bifurcation of liability from damages without explicitly so stating. In seeking a limit on discovery, Defendants inherently contend that only authentication discovery should take place prior to the District Court's decision on an anticipated motion for summary judgment (should the discovery process and/or expert witness proceedings objectively prove Defendants' theory that a release was signed). Dispositive motions are not due to be filed until July 31, 2008 and would not be fully briefed until mid-September. The Pretrial Conference in this matter is set for September 15, 2008. So, essentially, Defendants seek a stay of this case pending the District Court's decision on the anticipated motion for summary judgment, which may not issue until 2009. If, at that time, the Court denies summary judgment, the remainder of discovery would need to be conducted and, presumably, the parties would be entitled to another round of dispositive motions. This is an untenable proposal.

Moreover, Defendants have not established that the extra-authentication discovery necessary for this case is overly burdensome. Thus, a better procedure would be for the Defendants to focus current discovery efforts on the authentication issue and quickly file their dispositive motion(s), rather than wait until the close of discovery and the current dispositive motion deadline to do so.

Accordingly, based on the foregoing and the entire record herein, it is hereby **ORDERED** that Defendants' Motion to Limit Discovery [filed Dec. 18, 2007; docket #33] is **denied**.

Dated at Denver, Colorado, this 29th day of January, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge